IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation,<br><br>Defendant. | **ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO FILE UNDER SEAL**<br><br>Civil No. 2:13 cv 223<br><br>Judge: Dale A. Kimball<br><br>Magistrate Judge: Evelyn J. Furse |

Plaintiff State Farm Fire & Casualty Company ("State Farm") has filed an Ex Parte Motion to File its Opposition to Defendant's Summary Judgment Under Seal. State Farm, however, has failed to show good cause why its entire memorandum and all exhibits should be filed under seal. Rule 5-2 of the Local Rules of Practice for the District of Utah requires parties to be "highly selective" in filing documents under seal and discourages such an overdesignation of sealed material.

State Farm claims that the memorandum and exhibits must be filed under seal because, "pursuant to the Standard Protective Order[,] Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") has labeled certain documents as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and CONFIDENTIAL INFORMATION." Ex Parte Motion to File Under Seal at 1-2. Rule 5-2 of the Local Rules of Practice, however, specifically states that a "protective order that allows a party to designate

documents as sealable will not suffice to allow the filing of the documents under seal." DUCivR 5-2(a). Moreover, COP filed its Motion for Summary Judgment and Supporting Memorandum without seeking leave to file any of the exhibits or any portion of the memorandum under seal. Accordingly, it is unclear to the court why the "insurance policy and several depositions of key witnesses" would need to be filed under seal or why the entire memorandum would need to be filed under seal, particularly when COP did not seek to file any portion of its memorandum under seal.

Because the purportedly confidential documents at issue appear to be COP's documents, the parties are directed to meet and confer as soon as possible regarding which of COP's documents are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If necessary, State Farm may then file another motion for leave to file under seal, specifically listing the exhibits and/or portions of the memorandum it seeks to file under seal.

Because State Farm's motion for leave to file under seal [Docket # 25] is DENIED, the court grants State Farm an extension of time to file its opposition memorandum. The parties are directed to meet and confer by August 8, 2014, and State Farm is directed to file its motion to file under seal (if necessary) by August 11, 2014. State Farm's memorandum in opposition shall be filed by August 13, 2014.

DATED this 1st day of August, 2014.

BY THE COURT

United States District Judge Dale A. Kimball